

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

**United States Bankruptcy Court**
**District of Maryland**
**at Greenbelt**

In re

    Quality Telecommunication
    Services, Inc.,


            Debtor.                      Case No. 04-32024 NVA
                                               Chapter 11

_____/

**Memorandum of Decision Denying Motion for Relief from Automatic Stay Filed by Asbestos Specialists Incorporated and Denying Motion for Segregation of Funds Filed by Asbestos Specialists Incorporated**


       This matter came before the Court at a hearing on December 17, 2004, on two

motions filed by Asbestos Specialists Incorporated: 1) Motion for Relief From Automatic

Stay and 2) Motion for Segregation of Funds.  For the reasons set forth below, the

motions are denied.


I.  Facts

       Debtor, Quality Telecommunications Services, Inc., is a general contractor

specializing in telecommunications installation.  Debtor filed for chapter 11 relief on

September 27, 2004.

Debtor entered into a subcontract agreement with Asbestos Specialists Incorporated ("ASI") on February 4, 2004.  Under this subcontract agreement, ASI agreed to remove asbestos and install cable at three different schools in Prince George's County, Maryland.  ASI has performed its contractual obligations and has invoiced Debtor for payment.  Debtor has received full payment from the Prince Georges County School Board (the "School Board") for the work performed by ASI. However, Debtor has failed to pay ASI in full.  Debtor allegedly is indebted to ASI for this work in the amount of $66,625.

The payment from the School Board was commingled with monies the School Board owed to Debtor.  The payment included both monies owed to ASI and monies owed to Debtor for management fees.  Debtor commingled the money further by depositing the School Board payment into Debtor's general operating account.  Debtor used the funds in that account to pay creditors and to operate its business.  Further, after the School Board payment was deposited, Debtor deposited other funds from other sources into the same operating account.  On the petition date, the balance in the Debtor's general operating account was $4,345.40.

Seeking recovery of the $66,625 Debtor owes to ASI, ASI filed suit in Circuit Court of Maryland for Prince George's County ("State Court") against John L. Huggins, Jr., President and CEO of Debtor.  (State Court Case No. CAL04-21532).  ASI seeks to lift the automatic stay so that it can add Debtor as a defendant in the suit in State Court. ASI alleges that the funds are not property of the bankruptcy estate because they are held in trust for the benefit of ASI.  ASI also seeks to require Debtor to segregate the

2

funds that it owes to ASI and to hold such funds in an escrow account.

As explained below, ASI's motions are denied. ASI has not met its burden of proof by tracing and identifying funds in Debtor's operating account that are subject to a trust.

## II.  Analysis

### A.  Automatic Stay

A chapter 11 petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The stay can be lifted upon a showing of cause. 11 U.S.C. § 362(d)(1).

In stay relief litigation, the party moving to lift the stay has the burden of production to make a *prima facie* showing that "cause" exists for relief from the stay. *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1285 (2d Cir. 1990). The burden then shifts to the debtor. *Id. Accord In re Property Technologies, Ltd.*, 263 B.R. 750, 753-54 (Bankr. E.D. Va. 2001). Here, ASI contends that it has shown cause to lift the automatic stay because it seeks to recover property that is not property of the estate; ASI contends that it seeks to recover monies that the Debtor holds in trust for ASI.

### B.  Property of the Estate

"Property of the estate" as set forth in 11 U.S.C. § 541(a)(1) is broad and includes all legal and equitable interests the debtor may have on the date the petition was filed. However, property in which the debtor has a legal but not an equitable

3

interest becomes property of the estate only to the extent of the debtor's legal title, "but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). When a trust is created, legal title remains with the party in possession of the property and equitable title vests with the beneficiary. *Mid-Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co. (In re Mid-Atlantic Supply Co.)*, 790 F.2d 1121, 1125 (4th Cir. 1986). The question of what constitutes an equitable interest that is excluded from the bankruptcy estate is a question of state law. *In re Dameron*, 155 F.3d 718, 721 (4th Cir. 1998) *(*citing *Butner v. U.S.*, 440 U.S. 48, 55) (1979) ("Property interests are created and defined by state law . . . unless some federal interest requires a different result.")

ASI alleges that the property is held by Debtor in trust for the benefit of ASI under the Maryland Construction Trust Statute, Md. Real Prop. § 9-201(a). The party seeking to recover assets from the bankruptcy estate on the grounds that the assets are subject to a trust has the burden of proof. *In re Hearne*, 2003 WL 479113 * 2 (Bankr. M.D. N.Ca. Feb. 21, 2003) (citing *In re Johnson*, 960 F.2d 396, 401 (4th Cir. 1992)). The moving party must show that a trust exists and must identify the fund subject to the trust and show that it is in the possession of the debtor. *Id.* (citing *Goldberg v. New Jersey Lawyers' Fund for Client Protection*, 932 F.2d 273, 281 (3d Cir. 1991)).

Here, ASI has shown that Debtor at one time held the $66,625 it allegedly owes to ASI in trust under the Maryland Construction Trust Statute (the "Trust Statute"). The Trust Statute provides:

> Any moneys paid under a contract by an owner to a contractor . . . for work done or materials furnished, or both, for or about a building by any subcontractor, shall be held in trust by the contractor . . . for those subcontractors who did work or

4

> furnished materials, or both, for or about the building, for purposes of paying those subcontractors.

Md. Real Prop. § 9-201(a).  The Trust Statute creates a statutory trust relationship between a general contractor who has been paid by an owner and a subcontractor for whose work the owner has paid the general contractor.  *In re McGee*, 258 B.R. 139, 142 (Bankr. D. Md. 2001).  The general contractor holds the funds in trust for the subcontractor.  *Id.*  Thus, when Debtor received payment from the School Board for work on the school buildings, $66,625 of the payment was for work and materials provided by subcontractor ASI and thus was trust money under the Trust Statute.

Even though ASI has shown the existence of a trust relationship, ASI has not identified the funds subject to the trust and has not shown that it is in the possession of the Debtor.  If a trustee commingles trust funds with other funds, so long as there are, at all relevant times, sufficient funds to cover the trust, the beneficiary may reclaim the trust funds.  *In re United Cigar Stores Co. of America*, 70 F.3d 313, 316 (2d Cir. 1934) (*cited by Dameron*, 155 F.3d at 722).  "There can be no recovery, however, where all that can be shown is enrichment of the trustee.  It must be clearly traced and identified in specific property."  70 F.3d at 316.[1]

In cases such as this one where trust property has been commingled, courts apply the lowest intermediate balance rule to determine whether, and to what extent, a commingled account is subject to the trust.  *Dameron*, 155 F.3d at 724.  This rule is based on the theory that when withdrawing funds from a commingled fund, the non-trust funds are withdrawn first.  Thus, the funds retain the character of trust funds to the

---

[1]Tracing is an issue of federal law, not state law.  *Dameron*, 155 F.3d at 722.

greatest extent possible.  The Fourth Circuit in *Dameron* explained the lowest intermediate balance rule as follows:

> Hence, pursuant to the lowest intermediate balance rule, if the amount on deposit in the commingled fund has at all times equaled or exceeded the amount of the trust, the trust's funds will be returned in their full amount.  Conversely, if the commingled fund has been depleted entirely, the trust is considered lost.  Finally, *if the commingled fund has been reduced below the level of the trust fund but not depleted, the claimant is entitled to the lowest intermediate balance in the account.  In no case is the trust permitted to be replenished by deposits made subsequent to the lowest intermediate balance.*

*Dameron*, 155 F.3d at 724 (quotations and citations omitted, emphasis added).

In this case, the payment from the School Board included both monies owed to Debtor for management fees as well as the $66,625 that Debtor owed to ASI for labor and materials.  Debtor deposited the funds into Debtor's general operating account.  Debtor then used that account to pay creditors and to operate its business.  On the petition date, the balance in Debtor's general operating account was $4,345.40.

Under the lowest intermediate balance rule, the commingled account has been reduced below $66,625, the original level of the trust fund.  ASI has not shown that trust funds remain in the possession of the Debtor.  After the School Board payment was deposited, Debtor deposited other funds from other sources into the same account.  As the court in *Dameron* pointed out, "[i]n no case is the trust permitted to be replenished by deposits made subsequent to the lowest intermediate balance."  155 F.3d at 724.  ASI failed to establish its case for relief from the stay because it has failed to identify the funds subject to the trust and it has failed to show that such funds are in the possession of the Debtor.  Thus, ASI's Motion for Relief From the Automatic Stay is denied.

6

ASI argued at the hearing on this matter that the bankruptcy court in *McGee*, 258 B.R. 139, rejected the lowest intermediate balance rule set forth by the Fourth Circuit in *Dameron*, 155 F.3d 718. The *McGee* court did not reject the lowest intermediate balance rule. The *McGee* court held that the controlling officer of a corporation can be held personally liable for failing to pay subcontractors and that there is no need to trace the specific trust funds in order to hold the officer liable. Even if *McGee* had rejected the lowest intermediate balance rule, the Court notes that it is bound by the Fourth Circuit precedent set forth in *Dameron*.

### C.  ASI's Motion for Segregation of Funds

ASI also filed a Motion for Segregation of Funds, seeking to require Debtor to segregate the funds allegedly owed to ASI and to hold such funds in an escrow account. This motion, like the Motion for Relief From Automatic Stay, also is based on the theory that Debtor holds $66,625 in trust for the benefit of ASI. As explained above, ASI has failed to identify the fund subject to the trust and has failed to show that such trust monies are in the possession of the Debtor. Thus, ASI's Motion for Segregation of Funds is denied.

### III.  Conclusion

For the reasons set forth above, ASI's Motion for Relief From the Automatic Stay [P 79] is DENIED. It is further ordered that ASI's Motion for Segregation of Funds [P 80] is DENIED.

cc:     Douglas Riley, Counsel for Debtor

7

Eliot Wagonheim, Counsel for ASI
U.S. Trustee

**End of Memorandum**